RECEIVED
OCT 1 7 2011
TONY R. MOORE CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

GLORIA LEE

versus                           CIVIL ACTION NO. 10-0837
                                              JUDGE TOM STAGG
REGIONAL NUTRITION
ASSISTANCE INC., ET AL.

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendants, Regional Nutrition Assistance Inc. and Brian Desormeaux. See Record Document 21. For the reasons set forth below, the defendants' motion for summary judgment is **GRANTED**.

## I. BACKGROUND

Gloria Lee ("Lee"), a black female, was employed by Regional Nutrition Assistance from April 1, 2006, until October 8, 2007, as the office specialist of the Family Day Care Home Program. Regional Nutrition Assistance is a child care food program that trains family day care home providers to serve nutritional meals integrated with organized child care.[1] Brian Desormeaux ("Desormeaux") served as

---

[1] Regional Nutrition Assistance is operated in accordance with the United States Department of Agriculture and is reimbursed at a fixed rate for serving meals and snacks to their day care home children.

the director of Regional Nutrition Assistance. Lee worked in the Shreveport, Louisiana, office location and was responsible for the daily operations of the Shreveport office. Her job duties included recruiting, training, and monitoring providers.

Lee contends that she was subjected to racial discrimination while working for Regional Nutrition Assistance. She asserts that a racial epithet was used by one of her co-employees to another co-employee to describe Lee.[2] She further alleges that the same co-employee said that Lee was too dark to be seen without the benefit of sunlight. This allegedly occurred in the presence of her supervisor, Desormeaux. Lee also contends that someone drew a tombstone on a chalkboard or dry-erase board with the abbreviation "R.I.P." and also with the letters "GL."[3]

On October 25, 2007, Lee filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting a charge of racial discrimination. Lee then filed this action against Regional Nutrition Assistance and Desormeaux. Thereafter, the defendants filed the instant motion for summary judgment. See Record Document 21.

---

[2]Lee does not allege in either of her complaints that she personally heard this alleged comment.

[3]The defendants admit that a tombstone was drawn on the board but deny that the letters "GL" were placed on or near the drawing of the tombstone.

2

## II. ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated

---

[4]The court notes that the newly amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

3

assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.  Lee's Failure To Respond To The Defendants' Motion.**

Lee was served a copy of the motion for summary judgment by the defendants on July 28, 2011. See Record Document 21. To date, Lee has not responded. Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion." Lee failed to oppose the motion for summary judgment within the required twenty-one day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

Lee's failure to oppose the defendants' motion for summary judgment is, standing alone, an insufficient basis for a grant of summary judgment, as the defendants still must establish the absence of a genuine dispute as to a material fact to prevail on their motion. See Hibernia Nat'l Bank v. Administracion Cent. Sociedad

4

Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). However, as discussed below, the court finds it appropriate to enter summary judgment against Lee.

C.  **Hostile Work Environment.**

A plaintiff may establish a claim based on race discrimination that creates a hostile work environment. In order to establish a hostile work environment claim, Lee must prove that:

> (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.[5]

Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002) (quotations and citations omitted). It is undisputed that Lee is a member of a protected class. The court will presume that the conduct about which Lee complains constitutes "unwelcome harassment" and the harassment was based on race. Lee, however, has failed to prove the fourth element of a hostile work environment claim.

The fourth element of a hostile work environment claim is that "the harassment complained of affected a term, condition or privilege of her employment." The Fifth

---

[5] However, in cases where the alleged harassment has been committed by a supervisor with "immediate (or successively higher) authority over the harassment victim," Lee need not establish the fifth element. Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 353-54 (5th Cir. 2001).

Circuit explains that

> [f]or harassment on the basis of race to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."
>
> In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

Ramsey, 286 F.3d at 268 (citation omitted). This court must look at the totality of the circumstances when determining whether an environment is hostile or abusive. See Shepherd v. Comptroller of Pub. Accounts of Tex., 168 F.3d 871, 874 (5th Cir. 1999).

Lee complains of workplace teasing, ridicule and criticism. The events about which she complains do not rise to the level of severity of harassment necessary to establish a hostile work environment. See Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 348 (5th Cir. 2007) ("Simple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discriminatory charges that can survive summary judgment."). "Title VII . . . is not a 'general civility code.'" Lauderdale v. Tex. Dep't of Criminal Justice, 512 F.3d 157, 163 (5th Cir. 2007) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S. Ct. 2275, 2283-84

6

(1998)). Courts have repeatedly deemed much more offensive conduct and comments to be inadequate. See Pickens v. Shell Tech. Ventures Inc., 118 F. App'x 842 (5th Cir. 2004) (holding that a company Christmas party featuring a "traditional Dutch skit" in which children appeared in "black face" and during which other employees in the audience made racially derogatory comments to African-American employees was not severe or pervasive); Septimus v. Univ. of Houston, 399 F.3d 601, 611 (5th Cir. 2005); Shepherd, 168 F.3d at 874; Waltman v. Int'l Paper Co., 875 F.2d 468 (5th Cir. 1989). The conduct complained of by Lee simply does not rise to the level necessary to create a hostile work environment. See Indest v. Freeman Decorating, Inc., 164 F.3d 258, 264 (5th Cir. 1999).

Considering the arguments and evidence before the court and drawing all reasonable inferences in Lee's favor, the court finds that Lee has wholly failed to demonstrate that the harassment complained of affected a term, condition, or privilege of employment. The three incidents complained of by Lee occurred over time, were not severe and were not physically threatening.[6] While this court does not doubt that Lee found the conduct subjectively offensive, the conduct does not rise to the level necessary to establish a hostile work environment. The defendants have established

---

[6]Furthermore, there is no summary judgment evidence that indicates that the drawing of the tombstone was in any way related to Lee's race.

the absence of a genuine dispute as to a material fact as to Lee's hostile work environment claim and Lee has not met her burden of showing that there is a genuine dispute for trial. See Hibernia Nat'l Bank, 776 F.2d at 1279. Therefore, summary judgment is appropriate with regard to Lee's hostile work environment claims.

### D.  Barred Claims.

The defendants also seek to have this court dismiss Lee's state law claims, asserting that these claims have prescribed. Prescription is a procedural bar to a legal action that has not been timely instituted. As a general rule, the defendant raising the defense of prescription has the burden of proof. See e.g., Langlinais v. Guillotte, 407 So.2d 1215, 1216 (La. 1981). Liberative prescription begins to run from the day the action accrues, or the day the injury or damage is sustained.

The defendants rely, inter alia, upon the one year statute of limitations found in Louisiana Civil Code article 3492 in support of their position. Specifically, this article provides that "[d]elictual actions are subject to a liberative prescription of one year." La. Civ. Code art. 3492. Comment (b) to the article elaborates further, providing that the notion of delictual liability includes, among other things, intentional misconduct and negligence. Claims for defamation are subject to a one year prescriptive period and arise when the plaintiff has knowledge of the allegedly defamatory statement. See Nolan v. Jefferson Parish Hosp. Serv. Dist. No. 2, 01-0175

(La. App. 5 Cir. 6/27/01), 790 So.2d 725, 730. Claims for intentional infliction of emotional distress and unfair trade practices are also subject to a one-year prescriptive period. See King v. Phelps Dunbar, L.L.P., 743 So.2d 181, 187 (La. 1999) (citing Louisiana Civil Code article 3492); La. R.S. 51:1409 (providing a one year time period to file suit for an unfair trade practice running from the time of the transaction or act which gave rise to the right of action).

Lee's claims against the defendants under state law--defamation, intentional infliction of emotional distress, negligence and unfair trade practices--are clearly prescribed. Lee's employment with Regional Nutrition Assistance ended on October 8, 2007. In addition, her complaint states that Desormeaux "defamed Mrs. Lee by statements made by him to others during February, March, and April of 2008." Record Document 1, Amended Complaint at ¶ 45.[7] Lee did not file her complaint until February of 2010. Therefore, all of her state law claims have prescribed.

### III. CONCLUSION

Based on the foregoing analysis, the defendants' motion for summary judgment

---

[7] Furthermore, the jurisprudence of the United States Supreme Court and the Fifth Circuit both clearly hold that the filing of an EEOC complaint does not interrupt prescription for Louisiana state law claims. See Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 95 S. Ct. 1716 (1975); Drury v. U.S. Army Corps of Eng'rs, 359 F.3d 366, 368 (5th Cir. 2004).

is **GRANTED**.[8]

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this 17th day of October, 2011.

_____
JUDGE TOM STAGG

---

[8]The defendants also summarily assert that Lee has a "personal vendetta" against them and, thus, seek attorney's fees and costs pursuant to Louisiana Revised Statute 51:1409 for Lee's claim of unfair trade practices. Section A of that statute states:

> Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.

La. R.S. 51:1409A. The court declines to use its discretion to award the defendants costs pursuant to this section.